GEORGE U. REYBOLD *v.* EDWIN C. REYBOLD, Trustee, et al.

New Castle, March Term, 1893.

**Legacies — vested or contingent.**

The testator, P. R., bequeathed to his son, J. R., in trust for the three blind children of said J. R., namely:   G. U. R., E. R. and J. R., 100 shares of bank stock which, together with dividends, he directed should be invested for said three blind children during the lifetime of said J. R., and if either of said blind children should die under age and unmarried, said shares should belong to the survivor or survivors. And by a codicil thereto, he further provided that if all of said blind children should die under age and without issue, then said stock should be divided equally among all of his children. J. R., one of said children, died over the age of twenty-one years, unmarried and without issue, leaving as his legatee, G. U. R.. E. R. died over the age of twenty-one years, unmarried, without issue and intestate. Held,

a. That the estates in said bank stocks became, immediately upon the death of P. R., the testator, a vested estate.

b. That said estates were subject to be devested in favor of the survivor or survivors of said blind children upon the death of any of them, under age and unmarried, or in favor of the children or their representatives of the [b] said P. R., deceased, upon the death of all of said blind children under age and without issue.

c. That said gifts of said stock upon the happening of said events, can now never take effect.   And,

d. That at the time of the deaths of J. R. and E. R., they owned their respective shares of stock by an absolute and indefeasible title.

BILL IN EQUITY.— Philip Reybold, Sr., departed this life on or about the 28th day of February, A. D. 1854, having first published his last will and testament, which provided *inter alia* as follows:

"Third, I give and bequeath to my son, John Reybold, in trust for his three blind children, George U. Reybold, Elizabeth Reybold and John Reybold, one hundred shares of the capital stock of the Delaware City Bank, standing in my name upon the books of the said bank, and do direct the accruing dividends shall, from time to time, be invested for the said children during the lifetime of my said son, John Reybold, and that if either of the said children should die under age and unmarried, the share of the stock of such children shall belong to the survivors or survivor."

To which said will and testament there was annexed the following codicil:

"Third. In regard to the bequest to the three blind children of John Reybold, mentioned in the third clause of my will, I make this further disposition, that if all the said children should die under age and without issue, that the said one hundred shares of stock shall be divided among all my children, or the representatives of such as are deceased, in equal shares, the income of the seized fund to be applied to my said son John, in the education of the said children, if he thinks fit."

The said testator left to survive him, among others, his son, John Reybold, and all of his said three blind grandchildren, to-wit: George U., Elizabeth and John Reybold. John Reybold the elder died about the

31st day of August, A. D. 1862, and trustees under the said clauses in the will of Philip Reybold, Sr., deceased, having from time to time been appointed until the present time, and Edwin C. Reybold, said respondent, is now acting trustee and custodian of the said stock, etc.

Of the three blind children, John Reybold the younger attained the age of twenty-four years, and died on or about the 9th day of April, A. D. 1869, unmarried and without issue; but having made his last will and testament under which the said George U. Reybold, his blind brother, is sole beneficiary.

Of the two remaining blind children, Elizabeth Reybold attained the age of forty-seven years, and on or about the 17th day of July, A. D. 1890, died unmarried and without issue, and intestate, leaving as her only heirs-at-law of the whole blood, her blind brother, the said George U. Reybold, and her brother Clayton B. Reybold.

The remaining third child, the said George U. Reybold, is the complainant in this bill of complaint, and is of the age of fifty years, married, but so far without issue.

All the surviving children of said Philip Reybold, Sr., deceased, and the representatives of such as are deceased, are among the respondents to this bill of complaint.

This bill being filed by the said George U. Reybold for construction of certain portions of the will of said deceased.

H. H. Ward, for complainant.

The questions presented by the bill of complaint in the above-stated case, arise out of the third section of the last will and testament, and the third section of the codicil to the last will and testament of Philip Reybold, deceased. These sections read as follows:

### *Will.*

" Third, I give and bequeath to my son, John Reybold, in trust for his three blind children, George U. Reybold, Elizabeth Reybold and John Reybold, one hundred shares of the capital stock of the Delaware City Bank, standing in my name upon the books of the said bank, and do direct the accruing dividends shall, from time to time, be invested for the said children during the lifetime of my said son, John Reybold, and that if either of the said children should die under age and unmarried, the share of the stock of such child shall belong to the survivors or survivor."

### *Codicil.*

" 3. In regard to the bequest to the three blind children of John Reybold, mentioned in the third clause of my will, I make this further disposition, that if all the said children should die under age and without issue, that the said one hundred shares of stock shall be divided among all my children, or the representatives of such as are deceased, in equal shares, the income of the seized fund to be applied to my said son John, in the education of the said children, if he thinks fit."

The questions presented by these sections of this will and codicil seem to be as follows:

I. Is the estate of the three blind children of John Reybold the elder in the 100 shares of bank stock a vested estate, and if so, when did it become so?

II. Under what conditions that estate, if vested, can, under the limitations of the said will, be devested, and whether the gift over of said stock can now ever take effect?

III. In whom now, the beneficial interest in said property is vested?

IV. Whether this court should now determine the trust and order an assignment of said stock and property, by said present trustee, to the person or persons now beneficially interested?

I. The words of the will give the blind children an immediate fixed right of present enjoyment. This is a perfect description of an estate vested in possession. Bouvier's Law Dictionary, word " Vest; " Fearne on Contingent Remainders, 1; 1 Roper on Legacies, 375, etc. (ed. of 1829).

This legacy was vested immediately upon the death of Philip Reybold, Sr., the testator, subject only to be devested upon the happening of the two contingencies mentioned in said will. The limitation over to the survivors or survivor, or to the children of the testator, or their representatives, in the event of either of said legatees dying under age and unmarried, or in the event of all of said legatees dying under age and without issue,

does not prevent the vesting of said legacy on the death of the testator.   The legacy would vest at once, but be subject to be devested, upon the happening of the events mentioned.   1 Roper on Legacies, 403, etc. (ed. 1829); Davidson v. Dallas, 14 Ves. Jr. 576; Deane v. Test, 9 id. 147, 152; Shepherd v. Ingram, Ambler, 448.

Speaking generally, the incidents of ownership and rules of law applicable to legal estates, apply with equal force to the estates of *cestuis que trust,* in a private trust; therefore, the fact that the personal property in question was originally left to " John Reybold, in trust for his three blind children," etc., does not affect the question of the vesting of said estate, at any stage of this argument.   Bispham's Equity, 89, §§ 59, 60 (4th ed.).

II. Under what conditions are the estates of said three blind children devested under the limitations of said will, and will the gift over of said stock, now ever take effect?

The provisions of the *will,* if construed in their natural sense, contemplate a survivorship among the three blind children, only upon the happening of both of two events, *i. e.* (1) If either of the said children should die under age, and (2) if either of the said children should die unmarried.   Both John and Elizabeth are dead, and both died without having been married; but neither of them died " under age."   One of the events not having happened, the inevitable conclusion from the natural construction of the will is that the gifts over to the survivors or survivor never took effect, and that, therefore, the estates of John and Elizabeth in said stock

were never devested under the provisions of the will considered by itself, in favor of the survivors or survivor.

In the codicil of the will, the testator has expressed certain other contingencies for the devesting of the estates of said primary legatees, and has further provided that " if all the said children should die under age and without issue then the stock shall go to the testator's children, or their representatives." Taking these provisions of the will and codicil together, the intention of the testator to provide for these three blind children, and the survivor of them, in exclusion of all other persons, is plain. In the will proper, the testator has provided that unless these children shall each reach the age of maturity, when they would be likely to intelligently dispose of their interests, or shall be married, and so have a wife or a husband to take the benefit of their estates, the interests of any of said legatees dying, shall go to and vest in the survivors or survivor. And in the codicil itself, the testator has provided that the estates of these primary legatees shall not be operated upon by the gift over, except upon the death of *all* such legatees under age and without issue. Taking the natural reading of the will and codicil, the gift over to the children of the testator takes effect only upon the happening of both of two events: (1) The death of all the said primary legatees under age, and (2) the death of all of them without issue. As a matter of fact, none of the said legatees had, or so far have had, issue, but all of them passed the age of maturity, and one still lives at the age of fifty years. One of the two contingencies,

to-wit, all dying under age, not having happened, the gift over has never taken effect.

From the very nature of the limitations, naturally construed, and the state of the admitted facts, the gift over can now never take effect, nor the estates of the three blind children ever be devested, because none of such children died "under age."

When recourse is had to authorities, the conclusions drawn from the natural and literal reading of the clauses of the will in question are reinforced and established.

A contention that the gift over to the survivors or survivor of the blind children took effect upon the deaths of John and Elizabeth, must be based upon the change of the copulative " and " in the phrase " if either of said children should die under age and unmarried " into the disjunctive " or," so that it would read " under age or unmarried; " and a contention that the gift over to the children of the testator, or their representatives, may yet take effect upon the death of George U. Reybold, without issue, must also be based upon the change of the copulative " and " in the phrase " if all the said children shall die under age and without issue " into the disjunctive " or," so that it would read " under age or without issue."

The language of a testator will not be altered by construction, unless it is very clearly apparent on the face of the will, not only that he has used the wrong word or phrase to accurately convey his meaning, but also what is the right one.    Marshall et al. v. Rench et al., 3 Del. Ch. 239, 257; Kean's Lessee v. Hoffecker, 2 Harr. 103, 115; 2 Jarman on Wills, 80; Maddison v.

Chapman, 3 DeG. & J. 535; Usher v. Jessep, 12 East, 288; Davy v. Bumsall, 6 Term Rep. 34; Coates v. Hart, 3 DeG., J. & S. 504, 516.

The word " and " will generally not be construed disjunctively when such construction will defeat ·a previously vested gift. 2 Jarman on Wills, 102, and cases following.

When, in a will, the devesting of an estate upon a gift over depends on the happening of two or more events, one of which is the death of the legatee under age, and another the failure of such legatee to have issue, or an object who might take a benefit through such legatee if the interest of such legatee remained undevested, the gift over will not take effect, nor will the estate be devested except upon the happening of both or all of such events. 2 Jarman on Wills, 83, 100, 102; Everett v. Cooke, 7 East, 269; Usher v. Jessep, 12 id. 288; Davy v. Bumsall, 6 Term Rep. 34; Maddison v. Chapman, 3 DeG. & J. 535; Coates v. Hart, 3 DeG., J. & S. 504, 516; Baldwin v. Rawding, 2 B. & Ald. 441, cited 2 Jarman on Wills, 100; Framlingham v. Brand, 3 Atk. 441; Malcom v. Malcom, 21 Beav. 225; Walsh v. Peterson, 3 Atk. 193; Cheesman et al. v. Watson, 8 How. 263; Butterfield v. Haskins, 33 Me. 392; Abrahams v. English et al., 2 Harr. (N. J.) 288; Nevison v. Taylor, 3 Halst. 43; Roosevelt v. Thurman, 1 Johns. Ch. 220, 227; Carpenter v. Heard, 14 Pick. 449; Chrystie v. Phyfe, 19 N. Y. 344.

This rule of construction is so well established that the word " or " will be construed as " and " to· effectuate the same. 2 Jarman on Wills, 82, etc., and cases cited;

Harris v. Taylor, 2 South (N. J.) 413; Fairfield v. Morgan, 2 B. & P. (N. R.) 38; Eastman v. Baker, 1 Taunt. 174; Right v. Day, 16 East, 67.

III. In whom is the beneficial interest in said bank stock now vested?

Granting that at the times of the deaths of John and Elizabeth, their interests in said stock and note were indefeasibly vested in them, according to the conclusions heretofore reached, the present entire beneficial owner-ship of this stock and note is certain. By the will of John, his entire interest is vested in George U. Reybold, the complainant. The share of Elizabeth, upon her de-cease intestate, descended to her two brothers, of the whole blood, and next of kin, the said George U. Rey-bold, and the said Clayton B. Reybold. At present, therefore, George U. Reybold owns a five-sixths interest, and Clayton B. Reybold a one-sixth interest in said stock and note.

IV. Should this court now terminate the trust of this property, and order the present trustee to assign said stock and note to the persons now beneficially inter-ested?

Two reasons are apparent on the face of the will for the creation of the trust of this stock: (1) To secure the safety of the property, and the maintenance and education of the blind children during their minority; (2) to protect the gifts over to the survivors or survivor of the blind children, or to the children and their repre-sentatives of the testator. Both of said reasons were fulfilled and failed when the youngest blind child be-came of age.

No ulterior facts and no reasons for the continuance of the trust are suggested in the answer of any respondent in this case.

The reasons for the continuance of the trust having failed, it should regularly be brought to an end. 3 Jarman on Wills, 70, 71, 52, note; Bispham's Equity, 80-82; Bowditch v. Andrew, 8 Allen, 339; Culbertson's Appeal, 26 P. F. Smith (76 Penn. St.) 148; Hill on Trustees, *236, note 2.

Upon the termination of a trust of personalty, the absolute estate therein is in the persons entitled to the use, and delivery or assignment should be made by the trustee to those beneficially interested. Bispham's Equity, 82; Hill on Trustees, *236, note 2.

Bradford & Vandegrift, Thomas Davis and William S. Hilles, for respondents.

WOLCOTT, CHANCELLOR.— Let the decree be entered as follows:

And now, to-wit, this 9th day of May, A. D. 1893, the above cause having come on to be heard before the Chancellor, upon argument of counsel and upon a mature consideration thereof, it appearing to the Chancellor that of the three blind children of John Reybold, Sr., John Reybold, Jr., died at the age of twenty-four years, unmarried and without issue, having willed his entire estate to George U. Reybold, said complainant, and that Elizabeth Reybold died at the age of forty-seven years, unmarried, without issue and intestate, leaving as her only heirs-at-law George U. Reybold and Clayton B. Reybold, and that George U. Reybold hath

attained the age of fifty years, and is the only survivor of said three blind children; that the estates of said three blind children in said bank stocks became, immediately upon the death of Philip Reybold, Sr., a vested estate, subject to be devested in favor of the survivors or survivor of said blind children, upon the death of any of them, under age and unmarried, or in favor of the children, or their representatives, of the said Philip Reybold, Sr., deceased, upon the death of all of said blind children under age and without issue; and that all of said blind children, having survived to the age of twenty-one years and upwards, the said gifts over of said stock, upon the happening of said events, can now never take effect; and that at the time of the deaths of John Reybold and Elizabeth Reybold, they owned their respective shares of stock by an absolute and indefeasible title; and that by virtue of the premises, the said George U. Reybold is now entitled to have five-sixths of said bank stock and note, and said Clayton B. Reybold is entitled to have one-sixth of said bank stock and note.

And it further appearing that the said Clayton B. Reybold is administrator of the estates of John Reybold, Jr., and Elizabeth Reybold, and as such is primarily entitled to have and to hold for distribution the shares of said bank stock and note to which the said John and Elizabeth died entitled.

And it further appearing to the Chancellor that the reasons for the creation of said trust, by said testator, and for the further continuance of the same, have been now fully fulfilled, and have now failed, and that no ulterior facts and no reasons for the continuance of the

said trust are suggested in the answer of any respondent in this case, and no such facts or reasons now appearing to the Chancellor.

And it further appearing that all persons and estates interested in the question proposed by said bill are before the court and have filed answers fully admitting the facts set forth in said bill, and submitting themselves to the decree of the Chancellor.

Now, therefore, It is ordered, adjudged and decreed by the court that the said trust originally created of said Delaware City Bank stock be and the same is hereby terminated and brought to an end; that the said Edwin C. Reybold, trustee, is ordered to file his account in this court within ten days from the date hereof, and thereupon to assign, transfer and set over unto the said George U. Reybold an equal one-third of the said stock and note, in his own right, and to the said Clayton B. Reybold, administrator of Elizabeth Reybold, deceased, an equal one-third of said stock and note, as administrator as aforesaid.

And upon the assignment of said interests in said bank stock and note to the parties aforesaid, it is hereby ordered, adjudged and decreed that the said Edwin C. Reybold, trustee aforesaid, together with the sureties upon his bond, be fully discharged from all responsibility and liability under said trust; and it is further ordered, adjudged and decreed that the costs of said bill, answers and proceedings in this court, thereunder, be paid by said trustee before the filing of his account, as aforesaid, out of the income of said stock and note, now in his hands, and the said costs are hereby taxed at the sum of $101.17.